<pre>
 1
 2
 3
 4
 5
 6                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 7
 8  SARA ANN THOMPSON,                          NO.  C16-5762-RBL-JPD
 9                    Plaintiff,
10        v.                                    REPORT AND
                                                RECOMMENDATION
11  NANCY A. BERRYHILL, Acting
    Commissioner of Social Security,[1]
12
                      Defendant.
13
</pre>

14        Plaintiff Sara Ann Thompson appeals the final decision of the Commissioner of the

15  Social Security Administration ("Commissioner") that denied her application for Supplemental

16  Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f,

17  after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below,

18  the Court recommends that the Commissioner's decision be REVERSED and REMANDED

19  for further administrative proceedings.

20                          I.    FACTS AND PROCEDURAL HISTORY

21        Plaintiff is a 28-year-old woman with a high school diploma, with special education.

22  _____

23        [1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security
    Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is
24  substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the
    docket, and all future filings by the parties should reflect this change.

REPORT AND RECOMMENDATION - 1

Administrative Record ("AR") at 214. Plaintiff has never been gainfully employed. AR at 545.

In March 2011, Plaintiff protectively filed a claim for SSI payments, alleging an onset date of July 5, 1988.[2] AR at 198-203, 209. Plaintiff asserts that she is disabled due to depression, post-traumatic stress disorder, attention deficit hyperactivity disorder, and fetal alcohol effect. AR at 213.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 113-20, 127-33. Plaintiff requested a hearing, which took place on May 15, 2012. AR at 40-87. On June 16, 2012, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 21-34. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-9, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).

Plaintiff sought judicial review, and the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further proceedings. AR at 639-51. The ALJ held a second hearing on September 17, 2015. AR at 554-605. The ALJ subsequently again found Plaintiff not disabled. AR at 534-46. On September 6, 2016, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[2] At the first administrative hearing, Plaintiff amended her alleged onset date to March 21, 2011. AR at 43-44.

REPORT AND RECOMMENDATION - 2

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

# IV. EVALUATING DISABILITY

As the claimant, Ms. Thompson bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[3] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments,

---

[3] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

### V. DECISION BELOW

On December 22, 2015, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since March 21, 2011, the application date.

2. The claimant's affective disorder, anxiety disorder, learning disorder, degenerative disc disease and obesity are severe impairments.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

REPORT AND RECOMMENDATION - 5

| | |
|---|---|
| 4. | The claimant has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with additional limitations. She can frequently climb ramps and stairs. She can frequently crouch, crawl, kneel, stoop, or balance. She can occasionally climb ladders, ropes, or scaffolds. She has sufficient concentration to understand, remember, and carry out simple, routine tasks. She can maintain concentration and pace in two hour increments with usual and customary breaks for eight-hour workdays. She can have superficial and occasional interaction with the general public. She can work in the same work environment but not in close coordination with co-workers. She can interact with supervisors occasionally and with occasional interaction can respond appropriately to supervisor criticism. She requires occasional supervision with supervisors. She can adapt to simple workplace changes as are routinely found in unskilled work involving simple routine tasks. GED levels in language should not exceed a 2 and have verbal aptitude in the 1-5% level. |
| 5. | The claimant has no past relevant work. |
| 6. | Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. |
| 7. | The claimant has not been under a disability, as defined in the Act, since March 21, 2011, the date the application was filed. |

AR at 537-546.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err in discounting the opinions of examining psychologist Daniel Neims, Psy.D.?

2. Did the ALJ err in failing to call a medical expert regarding the issue of medical equivalence?

Dkt. 9 at 1.

## VII. DISCUSSION

A. <u>The ALJ did not err in failing to call a medical expert.</u>

Plaintiff argues that the ALJ should have called a medical expert to testify at the administrative hearing, given that the record contained updated information since the State

REPORT AND RECOMMENDATION - 6

agency consultants last reviewed it. Dkt. 9 at 3-9. Plaintiff contends that the updated information suggested that Plaintiff's mental impairments were medically equivalent to a Listed impairment, and therefore the ALJ should have called a medical expert to consider that new information. *Id*.

Plaintiff cites no authority requiring an ALJ to call a medical expert under the circumstances of this case. She cites agency guidance indicating that an ALJ *may* call a medical expert if the ALJ finds that additional medical evidence obtained may change the opinion of State agency consultants regarding medical equivalency, but that agency ruling does not require an ALJ to do so in the absence of such a finding. *See* Social Security Ruling 96-6p, 1996 WL 374180 (Jul. 2, 1996).

Furthermore, as noted by the Commissioner, Plaintiff did not offer an argument regarding equivalence at the hearing, or request that a medical expert be called. The ALJ considered the new evidence that Plaintiff argues could have led to a different step-three finding, and did not find that expert testimony regarding equivalence was warranted. *See* AR at 536-39. Plaintiff has not shown that the ALJ abused her discretion in failing to call a medical expert.

B.  The ALJ erred in discounting Dr. Neims's opinions.

Dr. Neims examined Plaintiff four times, in 2011, 2012, 2013, and 2014. AR at 278-94, 383-97, 743-59, 773-89. The ALJ gave "little weight" to all four of Dr. Neims's opinions, finding all of the opinions to be inconsistent with "the longitudinal treatment record", mental status examination results, and Plaintiff's daily activities. AR at 543-44. The ALJ also noted that in 2011, Plaintiff reported to a treating provider that her depression was situational (in contrast with Dr. Neims's diagnosis), and that Dr. Neims's 2012 opinion provides two different ratings regarding Plaintiff's ability to understand, remember and persist in simple tasks. AR at

REPORT AND RECOMMENDATION - 7

544. The ALJ further indicated that in 2013, Plaintiff reported that she only attended a different evaluation because she "'wanted to cover herself'" before attending court for a custody hearing. AR at 544 (AR at 765).

Plaintiff argues that the ALJ's reasons for discounting Dr. Neims's opinions are not specific and legitimate. The Court will address each of the ALJ's reasons in turn.

1. *Legal standards*

If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

2. *Treatment history*

The ALJ found Dr. Neims's opinions to be inconsistent with Plaintiff's longitudinal treatment history, but does not explicitly explain how her treatment history is inconsistent with Dr. Neims's opinions. The ALJ discussed Plaintiff's mental health treatment history at another point in the decision, emphasizing Plaintiff's report that her depression was situational. *See* AR at 541. The ALJ also noted that during several examinations, Plaintiff was found to have either no depression and anxiety, or only mild depression and anxiety, and that her reports to examiners differed from her reports to treating sources. AR at 541-42. These findings are

inconsistent with Dr. Neims's opinions, and constitute a specific, legitimate reason to discount them.

 3. *Examination findings*

In her summary of the medical record, the ALJ notes that some of Plaintiff's mental status examination findings were normal, specifically her appropriate speech, normal eye contact, full orientation, ability to perform serial 7s, appropriate affect, and intact recent memory. AR at 541-42. The ALJ did not explain how these (or any other) mental status examination findings contradicted Dr. Neims's conclusions. The Commissioner does not offer any theory as to how mental status examination findings were inconsistent with Dr. Neims's conclusions. Dkt. 10 at 3. This reason is not specific or legitimate, because no inconsistency is identified or discernible from the ALJ's decision.

The ALJ also found that Dr. Neims's own findings are internally inconsistent, because he rated Plaintiff's ability to understand, remember, and persist in simple tasks as "moderate," and then on another form rated the limitation as "mild." AR at 544 (referencing AR at 385, 395-96). As noted by Plaintiff, the two forms define "mild" and "moderate" limitation differently, such that the checkbox forms are not entirely consistent themselves. *Compare* AR at 385 *with* AR at 395. Accordingly, these forms are not necessarily inconsistent, and the ALJ's reasoning in this regard does not support discounting Dr. Neims's opinions.

 4. *Activities*

The ALJ identified activities that she found to be inconsistent with Dr. Neims's opinions. Dr. Neims opined in 2012 that Plaintiff had a moderate limitation in her ability to travel in unfamiliar places or to use public transportation. *See* AR at 397. The ALJ indicated that Dr. Neims's opinion that she was moderately limited as to using public transportation contradicted her testimony and reports that she used public transportation regularly. *See, e.g.,*

REPORT AND RECOMMENDATION - 9

AR at 54, 389, 572. But the checkbox form that Dr. Neims completed asked for a rating as to Plaintiff's ability to travel in unfamiliar places *or* to use public transportation, and therefore her reports regarding use of public transportation addresses only part of that issue. Dr. Neims's notes indicate that Plaintiff does not possess a driver's license and at times relies on her mother-in-law for transportation, which supports his conclusion regarding Plaintiff's limitations in that category. *See* AR at 389.

But the ALJ went on to explain that Plaintiff's progress related to obtaining custody over one of her children demonstrates that she can communicate effectively, perform activities within a schedule, and make simple decisions, in contrast to Dr. Neims's opinion that she would be moderately or markedly limited in those areas. AR at 544 (referencing AR at 385, 396-97, 745, 775). The ALJ's finding is based on a reasonable interpretation of the record.

The ALJ also noted that Plaintiff reported to another provider that she was attending an examination in order to "cover" herself before a custody hearing. AR at 544. The import of this report in the context of Dr. Neims's opinions is not clear. This reasoning is not legitimate with respect to Dr. Neims's opinions.

In sum, the ALJ provided some specific, legitimate reasons to discount Dr. Neims's opinions, but also some invalid reasons. Dr. Neims's opinions constitute the only opinions of record from either a treating or examining source pertaining to Plaintiff's ability to work, and the Court cannot find that the ALJ's errors in assessing the opinions were harmless in light of the value of the opinions in the context of the record. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).

Plaintiff's request to remedy the ALJ's errors via a finding of disability should be rejected, however. The record contains conflicts — specifically the ALJ's unchallenged findings discounting Plaintiff's subjective testimony — that would preclude a finding of

REPORT AND RECOMMENDATION - 10

disability at this time.  Accordingly, this case should be remanded for further proceedings.  *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **April 27, 2017**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 28, 2017**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 13th day of April, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge